UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET ANTONIER,

    Plaintiff,

v.                                            Case No. 2:11-cv-307-FtM-UA-DNF

ROBERT MILLER, RODNEY MILLER,
FREDERICK MILLER, as Trustees of the
Robert Miller Spousal Trust,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Robert Miller's Motion to Dismiss. (Doc. No. 7). Plaintiff opposes the motion. (Doc. No. 11). Both parties filed reply briefs. (Doc. No. 19, 29). As explained below, the motion to dismiss is granted to the extent that the Court finds that it lacks subject matter jurisdiction over this case.[1]

**I. Background**

On May 20, 2011, Plaintiff Margaret Antonier filed suit against her former husband, Defendant Robert Miller, and her two sons, Defendants Rodney Miller and Frederick Miller, with regard to their alleged role as Trustees of the Robert Miller Spousal Trust ("Trust"). Specifically, Plaintiff alleges that despite the fact that she is the sole income beneficiary of the Trust, which was created in 2005, she has never received any of the income from the Trust. As a result, Plaintiff asserts a claim against Defendants for an accounting.

---

[1]Because the Court finds that it lacks subject matter jurisdiction over this case, the Court will not address Defendants Rodney Miller and Frederick Miller's pending motion to dismiss. (Doc. No. 8).

## II. Subject Matter Jurisdiction

Plaintiff alleges that this Court has diversity subject matter jurisdiction over this case. Plaintiff is a Canadian citizen, but she resides in Florida because the United States has awarded her "treaty investor status" under the E-2 visa program.[2] Plaintiff contends that her "treaty investor status" is similar to permanent resident status. See Hall v. McLaughlin, 864 F.2d 868, 870-71 (D.C. Cir. 1989).

Defendants Robert Miller, Rodney Miller, and Frederick Miller are Canadian citizens that reside in Canada. Because Plaintiff and Defendants are all Canadian citizens, Defendant Robert Miller filed the instant motion to dismiss for lack of subject matter jurisdiction.[3] Specifically, he argues that this Court does not have diversity jurisdiction over a case solely involving alien parties.

Plaintiff responds that this Court has diversity jurisdiction due to the final sentence of 28 U.S.C. § 1332(a), which at the time that this lawsuit was filed,[4] provided that certain aliens were deemed citizens of the state in which they were domiciled. Specifically, at the time that this lawsuit was filed, § 1332(a) provided that this Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 in value and is between:

---

[2] "[A]n E–2 visa . . . is a form of nonimmigrant visa that permits an alien to come to the United States to develop and direct the operations of a business enterprise in which he has invested a substantial amount of capital." See Hall v. McLaughlin, 864 F.2d 868, 870 (D.C. Cir. 1989)(citing 8 U.S.C. § 1101(a)(15)(E)(ii)). Treaty investor status is further explained in 22 C.F.R. § 41.51(b)

[3] Alternatively, Robert Miller has moved to dismiss this case based on *forum non conveniens*.

[4] This statute was recently amended, effective January 5, 2012. See 2011 Acts. Pub.L. 112-63, Title I, § 105, Dec. 7, 2011, 125 Stat. 762.

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

The final sentence of § 1332(a) (which courts have referred to as "the deeming clause") contained the following statement: "For purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Plaintiff argues that due to the deeming clause of § 1332(a), she is deemed to be a citizen of Florida. As such, Plaintiff argues that this Court has diversity jurisdiction over this case, pursuant to § 1332(a)(2), because it is a civil action between a "deemed" citizen of Florida and citizens of Canada. This argument, however, is flawed.

Several courts addressing the deeming clause of § 1332(a) have found that the clause was added to § 1332(a) in 1988 for the purpose of reducing diversity jurisdiction. See, e.g., Saadeh v. Farouki, 107 F.3d 52 (D.C. Cir. 1997); Banci v. Wright, 44 F. Supp.2d 1272, 1275 (S.D. Fla. 1999); Eridan Shipping Ltd. v. Filatov, 2008 WL 613151, at *1 (S.D.N.Y. Mar. 5, 2008); Cahote v. Sumbe, 2008 WL 2622990, at *3 (S.D. Tx. June 27, 2008); Gardiner v. Kelowna Flightcraft, Ltd., 2011 WL 3904997, at *6 (S.D. Ohio Sept. 6, 2011). Specifically, such courts noted that the legislative history revealed that the deeming clause was added in order to divest federal courts of jurisdiction over cases between a citizen of state A and a permanent resident alien domiciled in state A. See id. Thus, in cases between a citizen of state A and a permanent resident alien domiciled in state A, there would be no diversity jurisdiction because both parties would be deemed to be citizens of state A.

Furthermore, courts have noted the potential constitutional problem that arises if diversity

3

jurisdiction was found to exist in a case between a permanent resident alien and a non-resident alien based on the deeming clause.  See Gardiner, 2011 WL 3904997, at *3; Singh v. Diamler-Benz AG, 9 F.3d 303, 311-12 (3d Cir. 1993); Saadeh, 107 F.3d at 58; Banci, 44 F. Supp.2d at 1275.  Specifically, as explained by one court:

> Article III . . . does not permit actions between aliens.  In [Hodgson & Thompson v. Bowerbank, 9 U.S. 303 (1809)], the Supreme Court held that if the Judiciary Act of 1789 were interpreted to allow suits solely between aliens in federal courts, the statutory provisions would be unconstitutional.

Gardiner, 2011 WL 3904997, at *3; see also Banci, 44 F. Supp.2d at 1275 (stating that it is clear that Article III does not give Congress the power to grant jurisdiction over an action between two aliens); Eridan Shipping, 2008 WL 613151, at *1 (stating that the deeming clause of § 1332(a) cannot be interpreted to "abrogate the well-established principle that aliens cannot sue aliens in federal court").

Based on the above, it is clear that diversity subject matter jurisdiction does not exist in this case.  Furthermore, it appears that Congress has recently amended § 1332(a) to eliminate the confusion caused by the deeming clause.  The current version of § 1332(a), which became effective in January of 2012, eliminates the deeming clause at the end of § 1332(a) and amends § 1332(a)(2) to apply to civil actions between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."  Thus, the newly amended version of § 1332(a) makes it clear that: (1) diversity jurisdiction does not exist over cases between a citizen of state A and a permanent resident alien domiciled in state A; and (2) diversity jurisdiction does not exist over cases involving only

4

aliens.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Robert Miller's Motion to Dismiss (Doc. No. 7) is **GRANTED TO THE EXTENT** that the Court finds that it lacks subject matter jurisdiction over this case. Therefore, this case is dismissed without prejudice, and the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of February, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record